The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion on the following questions:
 1. Does the Metropolitan Area Planning Commission, composed of members from the City of Jonesboro and Craighead County, have extra-territorial jurisdiction outside the City or would they need to appoint a City Planning Commission for this purpose?
 2. Would either organization be able to have territorial jurisdiction?
I assume that these questions are asked with respect to a metropolitan or regional planning commission established pursuant to Arkansas Code of 1987 Annotated 14-56-501, et seq. (also codified as A.C.A. 14-17-301, et seq.). Section 14-56-502 provides for the joint cooperation of cities and counties as follows:
 Any two (2) or more cities of the first class, cities of the second class, incorporated towns, or counties, or other civil subdivision having adjoining planning jurisdictions, or any counties, and cities within or adjacent to the county, may jointly cooperate in the exercise and performance of planning powers, duties, and functions as provided by state law for cities and counties.
The creation of a commission is governed by 14-56-504 wherein it is stated in pertinent part:
 (a) When two (2) or more cities and counties shall adopt joint planning cooperation by ordinance, resolution, rule, or order, there shall be established a joint planning commission for the metropolitan area or region comprising the area coterminous with the areas of planning jurisdiction of the cities or counties cooperating jointly.
 (b) A joint planning agency for the metropolitan area or region may be empowered to carry into effect such provisions of state law relating to planning which are authorized for the joining cities or counties and which each may, under existing laws, separately exercise and perform.
It is thus clear, in response to your first question, that a planning commission created under 14-56-501, et seq. will operate outside the city in the area covered by the joint planning agreement.
Section 14-56-501 must be considered in response to your second question. This provision states as follows:
 (a) Nothing in this subchapter shall be construed to remove or limit the powers of the cooperating cities and counties as provided by state law.
 (b) All legislative power with respect to zoning and other planning legislation shall remain with the governing body of the cooperating cities and counties.
 (c) Each participating city or county may continue to have its own planning commission or board but may, under the joint agreement and in the interest of economy and efficiency and in the interest of uniform standards and procedures, request the metropolitan or regional planning commission to assume duties and functions of local planning agencies, in whole or in part.
It may therefore be concluded that city planning commissions retain their jurisdiction and powers, notwithstanding the creation of a metropolitan or regional planning commission under 14-56-401, et seq. A city may, however, delegate duties and functions of a local planning commission to the metropolitan or regional commission, in whole or in part, in accordance with 14-56-501(c).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.